**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JEANNE M. MARRAZZO,** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 8:25-cv-04144-SAG |
| **ROBERT F KENNEDY, JR, SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,** | * * | |
| *Defendants.* | * | |

* * * * * * * * * * * * * *

## ANSWER TO THE COMPLAINT

Defendants, Robert F. Kennedy, Jr., Secretary, U.S. Department of Health and Human Services, Department of Health and Human Services, Jayanta Bhattacharya, in his official capacity as Director, National Institute of Health, National Institutes of Health, and Matthew Memoli, in his official capacity as Principal Deputy Director of the National Institute of Allergy and Infections Disease, and through Kelly O. Hayes, United States Attorney for the District of Maryland, and Beatrice C. Thomas, Assistant United States Attorney for said district, hereby answers Jeanne M. Marrazzo's ("Plaintiff") Complaint. ECF No. 1.

Any allegations not specifically admitted, denied, or otherwise responded to below are denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action. For ease of reference, this Answer replicates the headings in the Complaint. While Defendants believe that such headings require

no response, to the extent that a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

**INTRODUCTION (¶¶ 1–10)**

1. Defendants admit that Plaintiff was appointed Director of NIAID on or about September 24, 2023; that Plaintiff was placed on administrative leave effective on or about April 1, 2025; and that Plaintiff was terminated on or about September 26, 2025. Defendants admit that Plaintiff succeeded Dr. Anthony Fauci as Director of NIAID and that Dr. Fauci had served in that role for approximately thirty-eight years. Defendants deny Plaintiff's characterizations of her qualifications, performance, and reputation, and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.
2. Paragraph 2 consists of argumentative characterizations and legal conclusions to which no response is required. To the extent a response is required, denied.
3. Paragraph 3 consists of argumentative characterizations and legal conclusions to which no response is required. To the extent a response is required, denied.
4. Paragraph 4 consists of argumentative characterizations and legal conclusions to which no response is required. To the extent a response is required, denied.
5. Defendants deny the characterization that any action was "reckless" or "constituted a substantial and specific danger to public health and safety." Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's internal communications, objections, and statements and, on that basis, deny them. Defendants deny the remaining allegations in this paragraph.

6. Paragraph 6 consists of argumentative characterizations and legal conclusions to which no response is required. To the extent a response is required, denied.
7. Defendants admit that Secretary Kennedy terminated Plaintiff's appointment by letter dated September 26, 2025, which speaks for itself. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.
8. Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, denied.
9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, denied.
10. Paragraph 10 states legal conclusions and describes the relief Plaintiff seeks, to which no response is required. To the extent a response is required, denied.

**JURISDICTION AND VENUE (¶¶ 11–14)**

11. Paragraph 11 contains jurisdictional statements and legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Court, by its Memorandum Opinion and Order dated November 2, 2026 (ECF Nos. 46, 47), denied Defendants' motion under Federal Rule of Civil Procedure 12(b)(1), and state that Defendants preserve and do not waive their contrary position and reserve the right to seek further review.
12. Paragraph 12 contains jurisdictional statements and legal conclusions to which no response is required. To the extent a response is required, denied.
13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is appropriate in this district.

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, denied.

**PARTIES (¶¶ 15–20)**

15. Defendants admit that Plaintiff was appointed Director of NIAID on or about September 24, 2023, served in that role, and was placed on administrative leave effective on or about April 1, 2025. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's educational background, credentials, professional memberships, and honors and, on that basis, deny them. Defendants deny Plaintiff's remaining characterizations.

16. Defendants admit that Robert F. Kennedy, Jr. is sued in his official capacity as Secretary of HHS and that Secretary Kennedy signed a letter dated September 26, 2025 terminating Plaintiff's appointment as Director of NIAID, which speaks for itself.

17. Defendants admit that HHS is an agency of the United States headquartered in Washington, D.C., and that its component agencies include the Centers for Disease Control and Prevention, the Centers for Medicare & Medicaid Services, and the National Institutes of Health. Defendants admit that any language quoted from the referenced HHS website speaks for itself.

18. Admitted.

19. Defendants admit that Dr. Matthew J. Memoli is sued in his official capacity and that he served as Acting Director of NIH from January 22, 2025 to March 31, 2025. Defendants deny that Dr. Memoli is the Principal Deputy Director of NIAID, and aver that Dr. Memoli is the Principal Deputy Director of NIH.

20. Defendants admit that NIH is a component of HHS and is comprised of 27 Institutes and Centers, including NIAID; and that NIH and NIAID are headquartered in Maryland.

## FACTUAL BACKGROUND

***Dr. Marrazzo's Appointment as NIAID Director and Early Tenure (¶¶ 21–27)***

21. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph and, on that basis, deny them.

22. Defendants admit that Plaintiff assumed the position of Director of NIAID on September 24, 2023, and admit the sequence of officials to whom the Director of NIAID reported during the relevant period as generally described. Defendants deny the remaining allegations of this paragraph.

23. Defendants admit that, as Director of NIAID, Plaintiff had responsibility for the strategic direction of the Institute's research programs and oversight of its budget, and that Plaintiff received a performance review dated January 1, 2025, which speaks for itself, and refer to that review for its complete and accurate content. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

24. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's subjective impressions and state of mind and, on that basis, deny them. Defendants deny the remaining characterizations in this paragraph.

25. Defendants admit that Dr. Memoli was designated to serve as Acting Director of NIH on or about January 22, 2025, pending Senate confirmation of Dr. Bhattacharya. Defendants deny Plaintiff's characterizations of Dr. Memoli's experience and appointment, and are without sufficient knowledge or information to admit or deny the allegations regarding the reactions of Plaintiff and her colleagues and, on that basis, deny them.

26. Defendants admit that any news article referenced in this paragraph speaks for itself. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations regarding Dr. Memoli's prior public statements and views and, on that basis, deny them. Defendants deny Plaintiff's characterizations.

27. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the purported meeting on or about February 13, 2025 and the statements purportedly made at that meeting and, on that basis, deny them. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

***Dr. Marrazzo's Alleged Internal Whistleblowing Activity (¶¶ 28–37)***

28. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the purported meeting on or about February 15, 2025 and the statements attributed to the participants and, on that basis, deny them. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

29. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the purported briefing on or about February 24, 2025 and Plaintiff's purported presentation and statements and, on that basis, deny them. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

30. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the purported meeting on or about March 13, 2025 and the statements purportedly made at that meeting and, on that basis, deny them. Defendants admit that any Executive Order referenced in this paragraph speaks for itself. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

31. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's statements at the referenced meeting and, on that basis, deny them. Defendants deny the remaining allegations in this paragraph.

32. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's statements at the referenced meeting and, on that basis, deny them. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

33. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's statements at the referenced meeting and, on that basis, deny them. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

34. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the statements attributed to Dr. Memoli and, on that basis, deny them. Defendants admit that any publications referenced in this paragraph speak for themselves. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

35. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the purported meeting on or about March 27, 2025 and the statements purportedly made at that meeting and, on that basis, deny them. Defendants admit that any Executive Order and publications referenced in this paragraph speak for themselves. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

36. Defendants admit that any statistics, publications, and agency data referenced in this paragraph speak for themselves. Defendants deny Plaintiff's characterizations and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

37. Defendants admit that any regulations, guidance, and policy documents referenced in this paragraph speak for themselves. Defendants deny Plaintiff's characterization of those authorities, are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's objections and, on that basis, deny them, and deny the remaining allegations in this paragraph.

***The Removal of Dr. Marrazzo from Her Position as NIAID Director (¶¶ 38–40)***

38. Defendants admit that Plaintiff was placed on administrative leave effective on or about April 1, 2025, and that any email regarding a proposed reassignment to the Indian Health Service speaks for itself. Defendants deny the remaining allegations in this paragraph.

39. Defendants are without sufficient knowledge or information to admit or deny the allegations that HHS Human Resources requested an updated resume on or about May 21, 2025, and that Plaintiff provided one, and, on that basis, deny them. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

40. Defendants are without sufficient knowledge or information to admit or deny the allegation that, in or about early May 2025, Plaintiff's access to her NIH email and to NIH non-public websites was discontinued, and, on that basis, deny it. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

***Dr. Marrazzo's OSC Complaint and Other Activity (¶¶ 41–47)***

41. Defendants admit that Plaintiff's OSC complaint (Exhibit A), speaks for itself. Defendants deny Plaintiff's characterizations of the matters described in this paragraph, including subparagraphs (a) through (c), deny any wrongdoing, and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

42. Defendants admit that any media coverage referenced in this paragraph speaks for itself. Defendants deny Plaintiff's characterizations and the remaining allegations in this paragraph.

43. Defendants admit that any news article referenced in this paragraph speaks for itself. Defendants deny Plaintiff's characterizations and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

44. Defendants admit that any article referenced in this paragraph speaks for itself. Defendants deny Plaintiff's characterizations and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

45. Defendants admit that any article referenced in this paragraph speaks for itself. Defendants deny Plaintiff's characterizations and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

46. Defendants admit that any interview and article referenced in this paragraph speak for themselves. Defendants deny Plaintiff's characterizations and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

47. Defendants admit that any publications referenced in this paragraph speak for themselves. Defendants deny Plaintiff's characterizations and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

***The Termination of Dr. Marrazzo's Employment (¶¶ 48–50)***

48. Defendants admit that Plaintiff received a letter dated September 26, 2025, signed by Secretary Kennedy, terminating her appointment as Director of NIAID (Exhibit B), which

speaks for itself. Defendants deny Plaintiff's characterization that the termination was retaliatory or causally connected to any protected activity and deny the remaining allegations in this paragraph.

49. Defendants admit that Plaintiff's addendum to her OSC complaint (Exhibit C), speaks for itself. Defendants deny Plaintiff's characterization that the termination was "in retaliation" for protected activity and deny the remaining allegations in this paragraph.

50. Defendants admit that any publications referenced in this paragraph speak for themselves. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the degree of public and media interest and, on that basis, deny them. Defendants deny the remaining allegations in this paragraph.

**LEGAL BACKGROUND AND BASIS FOR JURISDICTION (¶¶ 51–66)**

51. Paragraph 51 states legal conclusions to which no response is required, and any statutes cited in this paragraph speak for themselves. To the extent a response is required, denied.

52. Paragraph 52 states legal conclusions to which no response is required, and any statutes cited in this paragraph speak for themselves. To the extent a response is required, denied.

53. Paragraph 53 states legal conclusions to which no response is required, and any statutes cited in this paragraph speak for themselves. To the extent a response is required, denied.

54. Paragraph 54 states legal conclusions to which no response is required, and any statutes cited in this paragraph speak for themselves. To the extent a response is required, denied.

55. Paragraph 55 states legal conclusions to which no response is required, and any statutes cited in this paragraph speak for themselves. To the extent a response is required, denied.

56. Paragraph 56 states legal conclusions to which no response is required, and any statutes cited in this paragraph speak for themselves. To the extent a response is required, denied.

57. Paragraph 57 states legal conclusions to which no response is required, and any authorities cited in this paragraph speak for themselves. To the extent a response is required, denied.
58. Paragraph 58 states legal conclusions to which no response is required, and any authorities cited in this paragraph speak for themselves. To the extent a response is required, denied.
59. Paragraph 59 states legal conclusions to which no response is required, and any authorities cited in this paragraph speak for themselves. To the extent a response is required, denied.
60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, denied.
61. Paragraph 61 states legal conclusions and argumentative characterizations to which no response is required. To the extent a response is required, denied.
62. Paragraph 62 states legal conclusions to which no response is required, and any authorities and litigation materials cited in this paragraph speak for themselves. To the extent a response is required, denied.
63. Defendants admit that the composition of the OSC and the MSPB is reflected in public records, which speak for themselves. Defendants deny Plaintiff's characterizations and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.
64. Defendants admit that Executive Order 14215 speaks for itself. Paragraph 64 otherwise states legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny Plaintiff's characterizations and otherwise deny the allegations in this paragraph.
65. Defendants admit that any opinion and litigation materials referenced in this paragraph speak for themselves. Paragraph 65 otherwise states legal conclusions and characterizations to

which no response is required. To the extent a response is required, Defendants deny Plaintiff's characterizations and otherwise deny the allegations in this paragraph.

66. Defendants admit that any publication and MSPB proceedings referenced in this paragraph speak for themselves. Paragraph 66 otherwise states legal conclusions and characterizations to which no response is required. To the extent a response is required, denied.

## SPECIFIC COUNTS

### COUNT I — Violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(1) & (2) (¶¶ 67–70)

67. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, denied.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, denied.

70. Denied that Plaintiff is entitled to reinstatement, backpay, or any other relief.

### COUNT II — Violation of the Civil Service Reform Act, 5 U.S.C. § 7513 (Ultra Vires) (¶¶ 71–73)

71. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, denied.

73. Denied that Plaintiff is entitled to reinstatement, backpay, or any other relief.

**COUNT III — Violation of the Fifth Amendment (¶¶ 74–77)**

74. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

75. Paragraph 75 quotes the Due Process Clause of the Fifth Amendment, which speaks for itself, and otherwise states legal conclusions to which no response is required. To the extent a response is required, denied.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, denied.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT IV — Violation of the First Amendment (¶¶ 78–83)**

78. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, denied.

80. Paragraph 80 states legal conclusions to which no response is required, and any media communications referenced in this paragraph speak for themselves. To the extent a response is required, denied.

81. Defendants deny the allegations in this paragraph.

82. Defendants deny the allegations in this paragraph.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT V — Violation of the Whistleblower Protection Act, 5 U.S.C. § 2302(b) (¶¶ 84–88)**

84. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, denied.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, denied.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, denied.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT VI — Declaratory Judgment, 28 U.S.C. §§ 2201–2202 (¶¶ 89–91)**

89. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, denied.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT VII — Writ of Mandamus, 28 U.S.C. § 1651(a) (¶¶ 92–95)**

92. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

93. Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, denied.

94. Paragraph 94 states legal conclusions to which no response is required, and the cited statute speaks for itself. To the extent a response is required, denied.
95. Paragraph 95 states legal conclusions to which no response is required. To the extent a response is required, denied.

## RESPONSE TO PRAYER FOR RELIEF

By way of further answer and defense, Defendants denies that Plaintiff is entitled to any of the relief sought, including its subparts (1) – (7). To the extent that any aforementioned clauses may be deemed to contain any allegations of fact, each and every such allegation is denied.

## GENERAL DENIAL

Any allegation in the Complaint that is not specifically or expressly admitted or explained by Defendants herein is hereby denied.

## AFFIRMATIVE DEFENSES

Defendants allege the following defenses to the Complaint. In asserting these defenses, Defendants does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of this litigation. Without waiving, limiting, modifying, or amending the foregoing, Defendants assert the following additional and affirmative defenses:

### *First Defense — Failure to State a Claim*

The Complaint fails to state a claim upon which relief can be granted, in whole or in part, under Fed. R. Civ. P. 12(b)(6).

***Second Defense — Committed to Agency Discretion by Law***

To the extent Plaintiff's claims sound in the Administrative Procedure Act or seek review of the exercise of removal authority under 42 U.S.C. § 284(a), such claims are barred because the challenged action was committed to agency discretion by law and is unreviewable under 5 U.S.C. § 701(a)(2).

***Third Defense — Officer Subject to Removal***

Plaintiff's position as Director of NIAID involved the exercise of significant authority pursuant to the laws of the United States such that Plaintiff was an officer subject to removal under Article II of the U.S. Constitution. The Secretary possessed authority to terminate Plaintiff's appointment before the expiration of her term under Article II and 42 U.S.C. § 284(a), including § 284(a)(2)(E).

***Fourth Defense — Removal for Efficiency of the Service***

Even if Plaintiff's position and appointment entitled her to the procedures set forth in 5 U.S.C. § 7513, Plaintiff's removal pursuant to Article II of the United States Constitution and 42 U.S.C. § 284(a) was a removal taken to "promote the efficiency of the service" as contemplated by 5 U.S.C. § 7513(a).

***Fifth Defense — No Protected Property Interest***

Plaintiff had no protected property interest in continued federal employment as Director of NIAID because her position was subject to removal under Article II and 42 U.S.C. § 284(a)(2)(E), as described in the Third Defense above. Accordingly, Count III fails as a matter of law.

### *Sixth Defense — Legitimate and Non-Retaliatory Reasons*

Any personnel action taken with respect to Plaintiff was taken for legitimate, non-retaliatory, and constitutionally and statutorily permissible reasons unrelated to any protected disclosure or protected activity, and Plaintiff cannot establish that any prohibited factor was a contributing, motivating, or but-for cause of the challenged action. To the extent any claim of whistleblower retaliation is cognizable, Defendants would have taken the same personnel action in the absence of any alleged protected disclosure.

### *Seventh Defense — First Amendment (Garcetti; Pickering Balancing)*

Plaintiff's First Amendment claim fails because, to the extent Plaintiff's communications were made pursuant to her official duties, they are not protected under *Garcetti v. Ceballos*, 547 U.S. 410 (2006); and to the extent any communication was made as a citizen on a matter of public concern, the government's interest as an employer in the effective and efficient fulfillment of its responsibilities outweighs any interest of Plaintiff in the speech under *Pickering v. Board of Education*, 391 U.S. 563 (1968). Defendants would have taken the same action regardless of any alleged protected speech.

### *Eighth Defense — Failure to Exhaust Administrative Remedies*

To the extent Plaintiff's claims, including her claim under the Whistleblower Protection Act, are subject to the exhaustion and administrative-channeling requirements of the CSRA and WPA (including 5 U.S.C. §§ 1214 and 1221), Plaintiff has failed to exhaust the administrative remedies prescribed by law.

### *Ninth Defense — Sovereign Immunity*

To the extent Plaintiff seeks monetary or other relief not authorized by an applicable waiver of sovereign immunity, such claims are barred.

***Tenth Defense — Failure to Mitigate Damages***

Plaintiff has failed to mitigate her damages, if any, and any recovery should be reduced accordingly.

***Eleventh Defense — Preservation of Jurisdictional Position***

Defendants preserve and do not waive their position, set forth in their motion to dismiss (ECF No. 34) and denied by the Court on November 2, 2026 (ECF Nos. 46, 47), that Plaintiff's exclusive avenue for review lies within the administrative scheme established by the CSRA and that this Court lacks subject-matter jurisdiction. Defendants reserve the right to seek further review of that determination.

***Twelfth Defense — Reservation of Rights***

Defendants reserve the right to assert additional affirmative defenses that become apparent through discovery or further factual development.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor on all counts, dismiss the Complaint with prejudice, and award Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/

Beatrice C. Thomas (Bar No. 21969)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
410-209-4848
beatrice.thomas@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of November, 2026, a copy of the foregoing *Answer to the Complaint* to be filed with the Clerk of the Court via the CM/ECF System, which will send notice of such filing to all counsel.

*/s/ Beatrice C. Thomas*
Beatrice C. Thomas (Bar No. 21969)
Assistant United States Attorney